IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SABRINA C. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14CV18-MHT |
| ) | |
| STATE OF ALABAMA DEPARTMENT ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 18, 2014, without seeking leave of the court, plaintiff filed an amended complaint. (Doc. # 15).[1] In view of plaintiff's status as a *pro se* litigant, the court construes the amended complaint to include a motion for leave to amend. Upon consideration of the motion for leave to amend, it is

ORDERED that the motion is GRANTED. It is further

ORDERED that the RECOMMENDATION entered in this matter on plaintiff's original complaint is hereby VACATED.

However, upon review of the amended complaint, the court concludes that dismissal of some of plaintiff's claims, pursuant to 28 U.S.C. § 1915(e)(2)(B), is appropriate.[2]

---

[1] Defendants filed their answer on February 13, 2014. (Doc. # 10).

[2] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Therefore, it is further

ORDERED that the period prescribed by the Federal Rules of Civil Procedure for defendants' response to the amended complaint is extended until ten days after the presiding District Judge enters an order ruling on the recommendation below.

## DISCUSSION

Plaintiff no longer sues defendants Thomas or Forniss in their official capacities. (See style of Amended Complaint). Thus, she now asserts claims of employment discrimination and retaliation – under both Title VII and 42 U.S.C. § 1983 – against the State of Alabama Department of Corrections ("ALDOC"), Commissioner Kim T. Thomas in his individual capacity, and Warden Leon Forniss in his individual capacity.[3] The court understands Count One to assert sexual harassment claims against all defendants pursuant to Title VII and the Equal Protection clause. Counts Two and Three both allege retaliation for plaintiff's complaints that she was sexually harassed and for her complaints about the treatment of female inmates. Plaintiff styles Count Three as "Violation of Freedom of Speech" and alleges within the claim that the actions of the ALDOC and Thomas violated Title VII's anti-retaliation clause; in Count Two, she asserts a retaliation claim against all defendants. Construing plaintiff's complaint liberally, the court concludes that Count Two is a § 1983 First Amendment claim against all defendants,[4] and that Count Three (lodged against

---

[3] The amended complaint omits the state law claims included in the original complaint.

[4] "A pure or generic retaliation claim ... simply does not implicate the Equal Protection Clause." Watkins v. Bowden, 105 F.3d 1344 (11th Cir. 1997). Thus, Count Two – except for the

2

ALDOC and Thomas only) includes retaliation claims under both Title VII and the First Amendment. In Count Four, plaintiff asserts a Title VII discrimination claim against the ALDOC, claiming that it terminated her employment because of her race.

## Eleventh Amendment

Plaintiff's § 1983 claims against the Alabama Department of Corrections (see Counts One through Three) are barred by the Eleventh Amendment. Under the Eleventh Amendment, a state is generally immune from lawsuits brought in federal court by citizens of the state. Hans v. Louisiana, 134 U.S. 1 (1890). The State of Alabama has not waived its Eleventh Amendment immunity, nor has Congress abrogated that immunity in § 1983 cases. Cross v. State of Alabama, 49 F.3d 1490, 1502 (11th Cir. 1995); Carr v. City of Florence, 916 F.2d 1521, 1524 (11th Cir. 1990); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989); Alabama Constitution of 1901, Article 1, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."). Accordingly, plaintiff's § 1983 Equal Protection and First Amendment claims against the ALDOC are due to be dismissed pursuant to the Eleventh Amendment.[5]

## Title VII Provides a Cause of Action Against Employers Only

---

fact that it includes defendant Forniss – duplicates the First Amendment claim plaintiff asserts in Count Three. (See id.).

[5] Plaintiff has amended her *ad damnum* clause to include a claim for unspecified "Injunctive and/or declaratory relief" and for reinstatement. This amendment does not implicate the Ex parte Young exception to the Eleventh Amendment bar, as that exception does not apply to the ALDOC.

Title VII does not provide a cause of action against individuals. "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Accordingly, to the extent plaintiff brings Title VII claims against Thomas and Forniss (see Amended Complaint, Counts One and Three), those claims are due to be dismissed.

## Redundant Claim

As noted above, the First Amendment claim asserted against the ALDOC and Thomas in Count Three of the amended complaint duplicates the retaliation claim in Count Two. Thus, this duplicative claim within Count Three is due to be dismissed.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that, pursuant to 28 U.S.C. § 1915(e)(2)(B):

 (1) plaintiff's § 1983 claims against the Alabama Department of Corrections be dismissed with prejudice;

(2) plaintiff's Title VII claims against Thomas and Forniss be dismissed with prejudice;

(3) the § 1983 First Amendment claim included within Count Three be dismissed with prejudice as redundant to that in Count Two; and

(4) this action be referred back to the undersigned Magistrate Judge for further

proceedings on plaintiff's remaining claims.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before March 5, 2014. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 19th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE